UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **AETREX WORLDWIDE, INC.**<br><br>Plaintiff,<br><br>v.<br><br>**SOURCING FOR YOU LIMITED, et al.,**<br><br>Defendants. | Civil Action No. 14-2504 (CCC)<br><br>REPORT & RECOMMENDATION |

**THIS MATTER** has come before the Court *sua sponte* based on the institutional defendants Sourcing For You Limited and Sourcing For You Consulting, LTD.'s (collectively the "Institutional Defendants") failure to retain counsel. For the reasons set forth below, it is respectfully **RECOMMENDED** that the Institutional Defendants' Answer be stricken, their counterclaim dismissed, and default entered against them.

## BACKGROUND

Plaintiff filed this action on April 17, 2014 against the Institutional Defendants and Gerald Vineberg (collectively the "Defendants") for claims arising from the alleged breach of a supply agreement between the parties for the manufacture and supply of orthotics. [Docket Entry No. 1]. The Defendants responded to the Complaint on July 22, 2014, asserting a counterclaim for breach of the supply agreement. [Docket Entry No. 11].

On November 12, 2015, counsel for Defendants filed a Motion to Withdraw as Attorney based on Defendants' failure to pay their legal fees. [*See* Docket Entry No. 40]. On January 4, 2016, this Court granted counsel for Defendants' motion to withdraw finding that the balance of

1

concerns weighed in favor of withdrawal.  [*See* Docket Entry No. 48].  Pursuant to that order, the Institutional Defendants—being corporations that must be represented by counsel—were provided until February 11, 2016 to retain new counsel.  [*See id.*]  As no appearance for new counsel was made by that time, the Court issued an Order to Show Cause on February 16, 2016 requiring the Institutional Defendants to appear on March 17, 2016 to show cause why their claims and defenses have not been abandoned due to their failure to retain counsel.  [*See* Docket Entry No. 51].

On March 1, 2016, the Court received correspondence from Gerald Vineberg—the purported owner of the Institutional Defendants—advising that the "Institutional Defendant[s] . . . are financially exhausted & cannot afford to hire legal counsel to defend themselves against Plaintiff any longer, . . ."  [*See* Docket Entry No. 52].  At the behest of Mr. Vineberg, the Court adjourned the Order to Show Cause hearing to March 22, 2016.  [*See* Docket Entry No. 53].

On March 22, 2016, Mr. Vineberg appeared for the Order to Show Cause hearing.  During the conference, Mr. Vineberg again reiterated his position that he has exhausted all personal and financial efforts to retain counsel on behalf of the Institutional Defendants, and is unable to do so. The Court advised Mr. Vineberg that his failure to retain counsel would result in a recommendation that the Institutional Defendants' Answer being stricken, their Counterclaim against Plaintiff be dismissed, and default be entered against them.  Notwithstanding the Court's thorough explanation, and the negative consequences arising therefrom, Mr. Vineberg confirmed that he would not be retaining counsel for the Institutional Defendants.

## **ANALYSIS**

The Federal Rules of Civil Procedure authorize courts to impose sanctions for failure to respond to court orders and for failure to prosecute or defend a case.  *See* Fed. R. Civ. P. 37(b)(2).

Rule 37(b)(2) explicitly recognizes the court's ability to strike a pleading, in whole or in part, for failure "to obey an order to provide or permit discovery." *Id.*

However, where a sanction may "deprive a party of the right to proceed with or defend against a claim," courts must weigh the six factors enunciated by the Third Circuit in *Poulis v. State Farm Casualty Co.*, 747 F.2d 863 (3d Cir. 1984) in deciding whether to impose the sanction. *See Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1148. The *Poulis* factors are:

> (1) The extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the plaintiff's conduct; (3) the history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim.

*Id.* at 868 (emphasis omitted). No single *Poulis* factor is determinative and dismissal may be appropriate even if some of the factors are not met. *See Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992); *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988).

**1. Defendants' Personal Responsibility**. In this case it appears that the Institutional Defendants are solely responsible for their failure to comply with court orders and defend this matter. At the outset, the Institutional Defendants failed to pay their prior attorneys, thereby necessitating this Court to allow the law firm of McGiveney & Kluger, P.C., to withdraw as counsel. Thereafter, the Institutional Defendants themselves made the decision not to retain new counsel, as ordered by the Court, due to financial concerns. This, notwithstanding the Court's explanation that failure to retain new counsel may result in their Answer being stricken, counterclaim dismissed, and default entered against them. As such, this factor weighs against the Institutional Defendants.

**2. Prejudice to Plaintiff.** The Court finds that manifest injustice would result to Plaintiff

if the Institutional Defendants' Answer is not stricken. The Institutional Defendants' failure to participate in this action would unduly prejudice Plaintiff, as there is no indication that the Institutional Defendants intend to retain counsel and thereby resume their defense of this matter. Accordingly, this factor weighs in favor of striking the Answer, dismissing their counterclaim, and entering default against the Institutional Defendants.

  **3. History of Dilatoriness.** Defendants have a history of dilatoriness through their failure pay their prior counsel, and retain new counsel as ordered by the Court. Despite the Court's January 4, 2016 Order and the February 17, 2016 Order to Show Cause, the Institutional Defendants' have failed to retain counsel. Indeed, they have advised the Court that they do not intend to do so. The Institutional Defendants' inaction in this regard further supports striking their Answer, dismissing their counterclaim, and entering default against them.

  **4. Willfulness or Bad Faith.** The Court will not conclude that the Institutional Defendants have proceeded in bad faith. However, the Institutional Defendants' conduct has been willful. The Institutional Defendants willfully decided not to pay their prior counsel or to retain new counsel thereafter, despite the negative consequences that may result therefrom. These circumstances, when taken as a whole, suggest that the Institutional Defendants have abandoned their defense of this case and further weigh against them.

  **5. Effectiveness of Alternative Sanctions.** Under *Poulis*, courts must consider alternative remedies, such as attorneys' fees or preclusion of claims, before striking a pleading and entering default. *See Ghana v. New Jersey State Parole Bd.*, No. 01–1620, 2011 WL 3608633, at *10 (D.N.J. Aug. 15, 2011). Here, however, the outright refusal to retain new counsel suggests that alternative sanctions would be futile. On the facts as outlined above, no lesser sanction would be

effective.  *See Joyce v. Continental Airlines, Inc.*, 09–2460, 2011 WL 2610098 (D.N.J. June 15, 2011).

**6. Meritoriousness of the Claims.**  The Court is unable to determine the meritoriousness of the Institutional Defendants' defenses and counterclaim.

In sum, the Court finds the *Poulis* factors weigh in favor of striking the Institutional Defendants' Answer, dismissing their counterclaim, and entering default against them.  Therefore, the Undersigned respectfully **RECOMMENDS** that the District Court strike Defendants' Answer, dismiss their counterclaim, and enter default.

## CONCLUSION

In light of the foregoing; and the Court having given consideration of the *Poulis* factors;

IT IS on this 26th day of May, 2016,

**RECOMMENDED** that the Institutional Defendants' Answer be stricken pursuant to Fed. R. Civ. P. 37(b)(2), their Counterclaim dismissed, and default entered against them.

The parties are advised that they may file an objection within 14 days of the date of this Order pursuant to Fed. R. Civ. P. 72(b)(2).

    s/ James B. Clark, III
**JAMES B. CLARK, III**
**United States Magistrate Judge**