**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| AETREX WORLDWIDE, INC., | Civil Action No.: 2:14-cv-02504 |
| Plaintiff, | |
| v. | OPINION |
| SOURCING FOR YOU LIMITED, *et al.*, | |
| Defendants. | |

**CECCHI, District Judge.**

### I. INTRODUCTION

This matter comes before the Court upon Magistrate Judge James B. Clark's Report and Recommendation ("R&R") addressing *sua sponte* Defendants Sourcing For You Limited and Sourcing For You Consulting, LTD.'s (collectively, the "Institutional Defendants") failure to comply with the Court's orders to retain counsel. (ECF No. 63). Defendant Gerald Vineberg ("Defendant," and collectively with the Institutional Defendants, "Defendants") subsequently filed an objection to Judge Clark's R&R on June 10, 2016, (ECF No. 67-1), and Plaintiff Aetrex Worldwide, Inc. ("Plaintiff") filed a response. (ECF No. 67). The Court decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons set forth below, the Court adopts Judge Clark's R&R, strikes the Institutional Defendants' answer, dismisses their counterclaim, and directs the Clerk of Court to enter default against them.

### II. BACKGROUND

Plaintiff filed this action on April 17, 2014 against Defendants for claims arising from the alleged breach of a supply agreement between the parties for the manufacture and supply of

1

orthotics. (ECF No. 1). Defendants responded to the complaint on July 22, 2014, asserting a counterclaim for breach of the supply agreement. (ECF No. 11).

On November 12, 2015, counsel for Defendants filed a motion to withdraw as attorney based on Defendants' failure to pay their legal fees. (ECF No. 40). On January 4, 2016, Judge Clark granted counsel for Defendants' motion to withdraw, finding that the balance of concerns weighed in favor of withdrawal. (ECF No. 48). Pursuant to that order, the Institutional Defendants, being corporations that must be represented by counsel, were provided until February 11, 2016 to retain new counsel. (*Id.*). As no appearance for new counsel was made by that time, Judge Clark issued an order to show cause on February 16, 2016, requiring the Institutional Defendants to appear on March 17, 2016 to show cause why their claims and defenses have not been abandoned due to their failure to retain counsel. (ECF No. 51).

On March 1, 2016, Judge Clark received correspondence from Defendant, the purported owner of the Institutional Defendants, advising that the "Institutional Defendant[s] . . . are financially exhausted & cannot afford to hire legal counsel to defend themselves against Plaintiff any longer . . . ." (ECF No. 52). At the behest of Defendant, Judge Clark adjourned the order to show cause hearing to March 22, 2016. (ECF No. 55).

On March 22, 2016, Defendant appeared for the order to show cause hearing. During the conference, Defendant again reiterated his position that he has exhausted all personal and financial efforts to retain counsel on behalf of the Institutional Defendants, and is unable to do so. Judge Clark advised Defendant that his failure to retain counsel would result in a recommendation that the Institutional Defendants' answer be stricken, their counterclaim against Plaintiff be dismissed, and default be entered against them. Notwithstanding Judge Clark's

thorough explanation, and the negative consequences arising therefrom, Defendant confirmed that he would not be retaining counsel for the Institutional Defendants.

On May 26, 2016, Judge Clark issued an R&R recommending that the Court strike the Institutional Defendants' answer, dismiss their counterclaim, and direct the Clerk of Court to enter default against them. (ECF No. 63). On June 10, 2016, Defendant filed an objection, (ECF No. 67-1), and Plaintiff filed a response. (ECF No. 67).

### III. LEGAL STANDARD

When a magistrate judge addresses matters that are considered dispositive of a party's claim or defense, the magistrate judge submits a Report and Recommendation to the district court. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72; L. Civ. R. 72.1(a)(2). The district court may then "accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* L. Civ. R. 72.1(c)(2). On dispositive motions, the district court must make a *de novo* determination of those portions of the magistrate judge's Report and Recommendation to which a litigant has filed objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); L. Civ. R. 72.1(c)(2); *see also State Farm Indem. v. Fornaro*, 227 F. Supp. 2d 229, 231 (D.N.J. 2002). A Report and Recommendation does not have force of law unless and until the district court enters an order accepting or rejecting it. *See United Steelworkers of Am. v. N.J. Zinc Co., Inc.*, 828 F.2d 1001, 1005 (3d Cir. 1987).

### IV. DISCUSSION

Defendant appears to make the following objections to Judge Clark's R&R: (1) the rule that a corporation cannot be appointed *pro bono* counsel "denies the constitutional right of an entity," and therefore should be stricken, (ECF No. 67-1 at 2); (2) "this action was brought against the defendants only after this exact same matter had been settled, out of court, in a

3

previous case, (*id.*); (3) "the defendants did not ignor[e] the advice of the court to hire[] a lawyer but . . . defendants tried and wanted to be represented but, being financially exhausted, could not," (*id.* at 3); (4) "Plaintiff, at no time, has ever denied that it was they in fact who defaulted on the contract in question," (*id.*); and (5) an exception to the rule that a corporation cannot be appointed *pro bono* counsel should apply to the Institutional Defendants.[1] (*Id.* at 3-4). After conducting a *de novo* review of the portions of Judge Clark's R&R to which Defendant objects, the Court adopts Judge Clark's R&R over Defendant's objections.

28 U.S.C. § 1915 grants the Court the power to "request an attorney to represent any *person* unable to afford counsel." 28 U.S.C. § 1915(e)(1) (emphasis added). In *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, the Supreme Court held that only "a natural person may qualify for treatment *in forma pauperis* under § 1915." 506 U.S. 194, 196 (1993). Accordingly, artificial entities such as corporations do not qualify. *See id.*

Although Defendant recognizes in his objection that Judge Clark "must follow the 'rules' of the state of New Jersey," Defendant nonetheless argues that this rule is unconstitutional. (ECF No. 67-1 at 1-2). The Court is not persuaded, as "there is no constitution[al] or statutory right to appointed counsel in civil cases." *Young v. Sch. Dist. of Phila.*, 427 F. App'x 150, 153 (3d Cir. 2011) (citing *Parham v. Johnson*, 126 F.3d 454, 457 (3d Cir. 1997)). As such, Defendant's objection is without merit.

Defendant further objects to Judge Clark's R&R, arguing that "this exact same matter had been settled, out of court, in a previous case." (ECF No. 67-1 at 2). As clarified by Plaintiff, however, "[i]n 2013, [Plaintiff] commenced an action against the [Institutional Defendants] and [Defendant] seeking *only injunctive relief* . . . . The District Court case concerning the request

---

[1] Although the Court acknowledges that Defendant's objection was due on June 9, 2016 and was not submitted until June 10, 2016, in light of Defendant's *pro se* status, the Court will consider Defendant's objection.

only for injunctive relief was settled via consent order. Thereafter . . . [Plaintiff] commenced this action to recover its *monetary damages*." (ECF No. 67 at 2). Accordingly, the Court finds that this action has not been settled and Defendant's argument without merit.

Defendant also objects to Judge Clark's R&R on the grounds that "the defendants did not ignor[e] the advice of the court to hire[] a lawyer but . . . defendants tried and wanted to be represented but, being financially exhausted, could not." (ECF No. 67-1 at 3). As such, Defendant maintains that the Court should not adopt Judge Clark's recommendation to strike the Institutional Defendants' answer, dismiss their counterclaim, and enter default against them.

As set forth in Judge Clark's R&R, "The Federal Rules of Civil Procedure authorize courts to impose sanctions for failure to respond to court orders and for failure to prosecute or defend a case." (ECF No. 63 at 2 (citing Fed. R. Civ. P. 37(b)(2)). "Rule 37(b)(2) explicitly recognizes the court's ability to strike a pleading, in whole or in part, for failure 'to obey an order to provide or permit discovery.'" (*Id.* at 2-3 (citing Fed. R. Civ. P. 37(b)(2)). Nonetheless, "where a sanction may 'deprive a party of the right to proceed with or defend against a claim,' courts must weigh the six factors enunciated by the Third Circuit in *Poulis v. State Farm Casualty Co.*, 747 F.2d 863 (3d Cir. 1984) in deciding whether to impose the sanction." (*Id.* at 3 (citing *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1148 (3d Cir. 1990)). The *Poulis* factors include:

> (1) [T]he extent of the *party's* personal *responsibility*; (2) the *prejudice* to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a *history* of dilatoriness; (4) whether the conduct of the party or the attorney was *willful* or in *bad faith*; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of *alternative sanctions*; and (6) the *meritoriousness* of the claim or defense.

*Poulis*, 747 F.2d at 868. "No single *Poulis* factor is determinative and dismissal may be appropriate even if some of the factors are not met." (ECF No. 63 at 3 (citing *Mindek v. Rigatti*,

5

964 F.2d 1369, 1373 (3d Cir. 1992); *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988)). Upon *de novo* review of Judge Clark's R&R, the Court agrees that the *Poulis* factors weigh in favor of striking the Institutional Defendants' answer, dismissing their counterclaim, and entering default against them.

Defendant's objection that "the defendants['] actions [were] not . . . 'willful' but have been forced upon them as a result of a multi year assault," (ECF No. 67-1 at 3), relates to the fourth *Poulis* factor: "whether the conduct of the party or attorney was *willful* or in *bad faith*." *Poulis*, 747 F.2d at 868. "Courts find willfulness and bad faith where no reasonable excuse for the conduct in question exists." *Freeman v. McDowell*, No. 10-1541, 2012 WL 3240848, at *5 (D.N.J. Jan. 24, 2012) (citing *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 224 (3d Cir. 2003)), *report and recommendation adopted*, No. 10-1541, 2012 WL 3238841 (D.N.J. Aug. 7, 2012). Here, it is clear from Defendant's objection that the Institutional Defendants previously retained counsel in this matter. (ECF No. 67-1 at 3). Nonetheless, the Institutional Defendants' counsel withdrew from this matter in January 2016, (ECF No. 48), and Defendant cites to no further efforts to retain counsel for the Institutional Defendants. "Inability to pay is not a reasonable excuse and so, as a legal matter, [Defendant's] conduct is 'willful.'" *Sync Labs LLC v. Fusion Mfg.*, No. 11-3671, 2014 WL 2601907, at *5 (D.N.J. June 11, 2014). As such, this Court agrees with Judge Clark's R&R that this factor weighs in favor of striking the Institutional Defendants' answer, dismissing their counterclaim, and entering default against them.[2]

Defendant further objects to Judge Clark's R&R, maintaining that "Plaintiff, at no time, has ever denied that it was they in fact who defaulted on the contract in question[.]" (ECF No.

---

[2] Although Defendant raises no objection with respect to the remaining *Poulis* factors, this Court has reviewed Judge Clark's analysis *de novo* and agrees that the remaining *Poulis* factors weigh in favor of striking the Institutional Defendants' answer, dismissing their counterclaim, and entering default against them.

6

67-1 at 3). In Defendants' counterclaim, Defendants assert that Plaintiff defaulted on the contract in question. (ECF No. 11 at 13). In Plaintiff's answer, "Plaintiff denies the allegations in Paragraph 3 of the Counterclaim," (ECF No. 14 at 1), which states that Plaintiff "failed to purchase the specified amount of product" under the contract. (ECF No. 11 at 13). Plaintiff further maintains that it has denied that Plaintiff breached the parties' contract "consistently . . . throughout this matter." (ECF No. 67 at 2). Accordingly, the Court finds that Defendant's argument fails.

Finally, Defendant contends that an exception to the rule dictating that a corporation cannot be appointed *pro bono* counsel should apply to the Institutional Defendants. (ECF No. 67-1 at 3-4). In support of Defendant's contention, Defendant cites to various provisions of the New Jersey Rules of Court, which are inapplicable in this federal action. As such, the Court finds Defendant's argument without merit.[3]

## V. CONCLUSION

Having thoroughly reviewed Magistrate Judge Clark's R&R and Defendant's objections thereto, this Court hereby adopts Magistrate Judge Clark's R&R. This Court thus strikes the Institutional Defendants' answer, dismisses their counterclaim, and enters default against them. An appropriate Order accompanies this Opinion.

Dated: November 17, 2017

CLAIRE C. CECCHI, U.S.D.J.

---

[3] Defendant also asks that this Court recommend "a decision [be put] on hold in this matter until the civil action against [Defendant] be final." (ECF No. 67-1 at 4). Because it is required that the Institutional Defendants be represented by counsel, see *Simbraw, Inc. v. United States*, 367 F.2d 373, 374 (3d Cir. 1966) ("A corporation, it is true, can appear only by attorney, while a natural person may appear for himself." (citations omitted)), this Court lacks the power to allow this action to be stayed against the Institutional Defendants until fully litigated against Defendant. As such, the Court is unable to grant Defendant's request.