NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| AETREX WORLDWIDE, INC., | Civ. No. 14-02504 (CCC) |
| Plaintiff, | |
| v. | **OPINION** |
| SOURCING FOR YOU LIMITED, *et al.*, | |
| Defendants. | |

**CECCHI, District Judge.**

This matter comes before the Court on the motion of Plaintiff Aetrex Worldwide, Inc. ("Aetrex" or "Plaintiff") for default judgment against Defendants Sourcing For You Limited and Sourcing for You Consulting, Ltd. (collectively, "Sourcing" or "Defendants"), pursuant to Federal Rule of Civil Procedure 55(b)(2). (ECF No. 89.) Plaintiff filed the Complaint in this action on April 17, 2014. (ECF No. 1.) Defendants were served with the Summons and Complaint on May 10, 2014, (ECF No. 8), and Defendants' Answer did not contest service of process. (ECF No. 11.) On May 26, 2016, Magistrate Judge Clark recommended that Defendants' failure to retain counsel required the Answer to be stricken, Defendants' counterclaim to be dismissed, and default judgment entered. (ECF No. 63). The Court adopted the Recommendation and Report on

1

November 27, 2017. (ECF No. 83.) Pursuant to Federal Rule of Civil Procedure 55(a), the Clerk entered a Default against Defendants on November 17, 2017.

The Court has subject matter jurisdiction over this case under 28 U.S.C. § 1332, as Plaintiff is a New Jersey corporation with its principal place of business in New Jersey and Defendants are corporations organized and existing under the laws of Hong Kong and Canada, and the amount in controversy exceeds $75,000.00. (Compl. ¶¶ 17-18, 20.) This Court has personal jurisdiction over Defendants based on Defendants' business activities within New Jersey, contacts with Aetrex in New Jersey, and entry into a contract with a New Jersey corporation under New Jersey law. See ACP GP v. United Home Care, Inc., No. 18-8786, 2018 WL 4693969, at *5 (D.N.J. Oct. 1, 2018) ("Where a party purposefully avails himself of the laws of New Jersey by entering an agreement with a New Jersey company whose effects would be felt in New Jersey, a court located in New Jersey may properly exercise personal jurisdiction over him.") (citing Lebel v. Everglades Marina, Inc., 115 N.J. 317, 328-29 (1989)). Additionally, Defendants have consented to personal jurisdiction in this case. (Compl. ¶ 22, Answer ¶ 22.)

Though "the entry of a default judgment is largely a matter of judicial discretion," the Court must determine that Plaintiff has stated a sufficient cause of action, accepting the factual allegations in the complaint, except those relating to the amount of damages, as true. Chanel, Inc. v. Gordashevsky, 558 F. Supp. 2d 532, 535-36 (D.N.J. 2008) (citing Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990)). In addition, "[b]efore imposing the extreme sanction of default, district courts must make explicit factual findings as to: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." Doug Brady, Inc. v. N.J. Bldg. Laborers

Statewide Funds, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 74 (3d Cir. 1987)).

In this case, the Court finds that the facts set forth in the Complaint, the motion for default judgment, and the attached exhibits merit the entry of a default judgment. Plaintiff brings causes of action for breach of contract, breach of the implied covenant of good faith and fair dealing, and unjust enrichment against Defendants. The elements of a breach of contract claim are: "a valid contract, that the defendant failed to perform his obligations under the contract and that the plaintiff sustained damages as a result." Peck v. Donovan, 565 Fed. Appx. 66, 70 (3d Cir. 2012) (quoting Murphy v. Implicito, 392 N.J. Super. 245, 265 (App. Div. 2007). Plaintiff alleges that Aetrex and Sourcing entered into a supply contract on March 14, 2008 (the "Supply Agreement"), and later agreed to extend the Supply Agreement until May 31, 2013. (Compl. ¶¶ 35-36.) Plaintiff alleges that Sourcing breached the Supply Agreement by marketing, selling, promoting, and supplying Beats orthotics, and by violating the confidentiality agreement incorporated by reference into the Supply Agreement. (Id. at ¶¶ 94-96.) Plaintiff alleges that Defendants' breach of the Supply Agreement resulted in damages, including the loss of sales and customers, damage to customer relationships, and harm to its reputation. (Id. at ¶¶ 98-99.) Accepting the allegations in the Complaint as true, Plaintiff has made out a claim for breach of contract.

To state a claim for breach of the implied covenant of good faith and fair dealing a plaintiff must allege that "the opposing party acted in bad faith or with a malicious motive . . . to deny the party some benefit of the bargain originally intended by the parties, even if that benefit was not an express provision of the contract." Summit. Transp. Corp v. Hess Energy Mktg., No. 14-5119, 2019 WL 430863, at *12 (D.N.J. Feb. 1, 2019) (quoting Yapak, LLC v. Mass. Bay Ins. Co., 2009

3

WL 3366464, at *2 (D.N.J. Oct. 16, 2009). Plaintiff has alleged that Defendants acted maliciously and with the intent to cause harm to Plaintiff, and that Defendants' acts deprived Plaintiff of the benefits of its bargain and fruits of the Supply Agreement, resulting in damages. (Compl. ¶¶ 102-106.) Accepting the allegations in the Complaint as true, Plaintiff has made out a claim for breach of the implied covenant of good faith and fair dealing.

The elements of an unjust enrichment claim are: "(1) the defendant received a benefit from the plaintiff; (2) that the retention of the benefit would be unjust; and (3) that the plaintiff expected remuneration from the defendant at the time it performed or conferred a benefit." PNY Techs., Inc. v. Salhi, No. 12-4916, 2018 WL 1087496, at *2 (D.N.J. Feb. 28, 2018) (citing VRG Corp. v. GKN Realty Corp., 641 A.2d 519, 526 (N.J. 1994) and In re K–Dur Antitrust Litig., 338 F. Supp. 2d 517, 544 (D.N.J. 2004)). Plaintiff alleges that Defendants misused Plaintiff's confidential information and wrongfully obtained a benefit at Plaintiff's expense by selling competing orthotics and diverting Plaintiff's sales to Defendants. (Compl. ¶¶ 108-111.) Accepting the allegations in the Complaint as true, Plaintiff has made out a claim for unjust enrichment.

Further, given that Defendants have failed to retain counsel, the Court finds no basis for Defendants to claim a meritorious defense. Defendants have refused to retain counsel and have indicated that they will not do so despite the Court's explanation that corporate defendants cannot defend a case without counsel. (ECF No. 63; ECF No. 83.) Plaintiff has been prejudiced by Defendants' failure to retain counsel and defend this case because Plaintiff has incurred additional costs, has been unable to move forward with the case, and has been delayed in receiving relief. See Malik v. Hannah, 661 F. Supp. 2d 485, 490-91 (D.N.J. 2009). Therefore, the Court finds that default judgment is proper at this time.

4

The allegations in Plaintiff's Complaint regarding damages are not treated as true upon entry of a default judgment. Bds. of Trs. of Operating Eng'rs Local 825 Welfare Fund v. Robert Silagy Landscaping, Inc., No. 06-1795, 2006 WL 3308578, at *3 (D.N.J. Nov. 13, 2006). A court may conduct hearings to determine the amount of damages or may decline to hold such hearings, "particularly where the amount claimed [is] capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." Id. at **3-4 (internal quotations omitted). In this case, Plaintiff has submitted exhibits and affidavits detailing the damages requested here. In support of its lost sales damages, Plaintiff attached as an exhibit an email showing that Defendant ordered 30,000 pairs of Beats orthotics, (ECF No. 89-2 at 46), and an affidavit from Larry Schwartz, Chief Executive Officer of Aetrex, stating that Aetrex's profits were $17.57 for each pair of Lynco orthotics sold. (Id. at 9.) Based on these figures, Plaintiff claims damages for lost sales of Lynco orthotics in the amount of $527,100. (ECF No. 89 at 13.)[1] Plaintiff also claims damages for attorneys' fees and litigation costs incurred due to Defendants' breach of the Supply Agreement. The Supply Agreement contains an indemnification section holding, in part, that Sourcing "agrees to indemnify . . . Aetrex . . . from and against all losses, damages, fines, penalties, third-party claims, claims, demands, imposts, lawsuits, liabilities, costs and expenses, of whatever form or nature, including reasonable attorneys fees, which it incurs as a result of any acts or omissions of Sourcing . . . including, but not limited to . . . breach of any

---

[1] A party may assert claims for breach of contract and unjust enrichment, but may not recover under both theories of injury. See MK Strategies, LLC v. Ann Taylor Stores Corp., 567 F. Supp. 2d 729, 735 n.12 (D.N.J. 2008). Plaintiff is seeking damages for sales lost due to Defendants' breach of the Supply Agreement and unjust enrichment. The Court awards damages in the alternative on these claims, as recovery under both claims is prohibited.

provision of this Agreement." (ECF No. 89-2 at 17-18.) In the affidavit of Larry Schwartz, Plaintiff declares that Aetrex has incurred attorneys' fees and costs of $215,586 in connection with this case.[2] (ECF No. 89 at 13.) Adding these attorneys' fees and costs to Plaintiff's lost sales damages, Plaintiff's damages are $742,686. This court finds that Plaintiff has provided adequate proof of its damages through the detailed affidavits and exhibits accompanying its motion for default judgment.

For the reasons described herein, Plaintiff's motion for default judgment is hereby granted. Default judgment shall be entered, and Defendant shall be ordered to pay damages in the amount of $742,686. An appropriate Order accompanies this Opinion.


DATED: ___March 26___, 2019


_____
**CLAIRE C. CECCHI, U.S.D.J.**

---

[2] Plaintiff seeks additional attorneys' fees and court costs in the amount of $249,361.43 in connection with a separate lawsuit, Aetrex Worldwide, Inc. v. Burten Leather and Findings, Inc. d/b/a/ Burten Distribution. At present, the Court does not address those fees and costs here. Plaintiff may submit further materials to explain why attorneys' fees and court costs incurred in the separate Burten action should be awarded in this proceeding.